# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARCHIE WHITE,**
**Claimant below, Petitioner**

**vs.)**    **No. 22-ICA-42**    (JCN: 920032933)

**DONALDSON MINE COMPANY,**
**Employer below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Archie White ("Mr. White") appeals the July 22, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Donaldson Mine Company ("Donaldson") filed a timely response.[1] Petitioner filed a reply.

The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order denying Mr. White's request for modifications to a previously authorized ramp at his residence. The Board found that the OOJ's denial of the request for modifications was not clearly wrong when the ramp was built to the specifications requested by Mr. White's treating physician and as ordered in August of 2020. Mr. White now appeals the Board's order.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's July 22, 2022, order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. White was a mine roof bolter for Donaldson when he slipped and fell, injuring his left arm and left knee on January 12, 1992. Mr. White received a workers' compensation Second Injury Life Award in 2003. Mr. White's second injury permanent disability award is based on the injuries sustained in October of 1990, November of 1991, and the current injury claim. Mr. White has been routinely receiving medical care and treatment since the underlying injuries occurred.

On June 14, 2017, the OOJ determined that Mr. White was entitled to a heavy-duty four-wheeled scooter with curbside service and lift for the back of his truck as reasonably required medical devices. On October 12, 2018, the OOJ determined that a ramp leading to Mr. White's residence was reasonably required for his motorized scooter. The ramp was to be constructed within ninety days. However, there was substantial delay in constructing the ramp. On January 28, 2020, Mr. White's treating physician, Rob Eggleston, M.D., provided

---

[1] Petitioner is self-represented. Respondent is represented by Sean Harter, Esq.

1

notes indicating the ramp would need to be constructed with a treadway that is no less than four feet wide. On August 5, 2020, the OOJ issued an order requiring the claim administrator to construct the ramp at Mr. White's residence that has a treadway of no less than four feet wide, excluding handrails and other accessories. It was further ordered that the ramp shall not interfere with the existing parking spaces, sheds, or other outbuildings.

In November of 2020, the ramp was constructed based on the specifications contained in the August 5, 2020 order. On November 12, 2020, the ramp installer and Mr. White signed the We Care About Your Safety End of Job End-User Safety Checklist. The stated purpose of the document was to "explain and demonstrate to user and caregiver safe use of the ramp." The five sections of the Checklist are For Manual Chairs, For Power Chairs and Scooters, General Use, Rain, Ice or Snow, and Maintenance of Finish. At the end of the document, immediately preceding the signatures, the document states, "I have reviewed the above instructions and acknowledge I have received the ramp system in good order."

On January 19, 2021, Mr. White saw Dr. Eggleston for an office visit. The office note completed by Dr. Eggleston indicates that Mr. White discussed desired ramp modifications with Dr. Eggleston. Dr. Eggleston noted there were three points of contention. The first was the turning platform of the ramp being inadequate for Mr. White to safely make the turn. Because of the inadequate turn radius, Mr. White has scraped his legs. Dr. Eggleston noted that Mr. White has diabetes, and he therefore needs to protect his lower extremities from injury as they will have difficulty healing. The second point of contention was that the steps that lead to his front door were blocked by the railing to the ramp and Mr. White therefore wanted a gate in the railing. Dr. Eggleston simply notes that the lack of a gate impedes Mr. White's wife and family members from entering the house via the steps and that Mr. White requests the gate. The third point of contention was that the bottom of the ramp stops on an uneven surface and has a slick rubber mat placed down over the uneven surface. Dr. Eggleston notes that Mr. White has very decreased mobility and does not have the ability to recover from a loss of balance.

On October 20, 2021, the claim administrator denied the proposed modifications to the ramp contained in Dr. Eggleston's January 19, 2021, office note. Mr. White protested this order. On February 17, 2022, the OOJ affirmed the claim administrator's decision to deny modifications to the ramp. The OOJ held that a preponderance of evidence demonstrated that the ramp met the specifications of the January 17, 2020, order. The OOJ further held that the Mr. White did not allege that the ramp violated the Americans with Disabilities Act ("ADA"), that Mr. White signed-off on the ramp on November 12, 2020, and that Mr. White did not provide any expert testimony outlining specifically how the ramp should be changed to accommodate his needs. Mr. White appealed to the Board, which affirmed the OOJ's decision. Now Mr. White appeals the Board's order affirming the denial of his requested modification.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1)     In violation of statutory provisions;

(2)     In excess of the statutory authority or jurisdiction of the Board of Review;

(3)     Made upon unlawful procedures;

(4)     Affected by other error of law;

(5)     Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, ____ S.E. 2d ____, ____, 2022 WL 17546598, at *4 (Ct. App. 2022).

On appeal, Mr. White argues that the Board was clearly wrong in affirming the OOJ's conclusion that Mr. White failed to show by a preponderance of the evidence that modifications to the ramp were reasonably required. After a review of the record, we find no error. The Board was not clearly wrong in affirming the OOJ's denial for ramp modification. The ramp at issue was built to the specifications required in the August 5, 2020, order. The specifications for the ramp, specifically the width necessary to maneuver the scooter was provided by Mr. White's treating physician. Moreover, Mr. White signed off on the ramp being in working order. As for any allegations relating to noncompliance with the ADA, Mr. White did not present evidence nor argument regarding compliance before the OOJ and thus the same are not properly before this court for consideration. The Supreme Court of Appeals of West Virginia has clearly stated that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

3

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr